UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE REDIG,

        Plaintiff,

  v.

NANCY BERRYHILL,

        Defendant.

CASE NO. 17-CV-0599-PP

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

On April 26, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The affidavit indicated that the plaintiff is not married, nor does he provide financial support for anyone. Dkt. No. 2 at 1. He receives $735.00 of SSI a month, along with $196.00 in food stamps. Id. at 2. In the last twelve months, the plaintiff also

received SSI back pay in the amount of $2,200.00. Id. He estimates that his monthly expenses total $645.00. Id. at 3. The plaintiff currently has $2,800.00 in his savings account, and at retirement age will be eligible to receive $400.00 a month from his pension. Id. at 3-4. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff asserts that the ALJ erred when, among other things, he used disfavored boilerplate, did not provide an explanation of the weight given to Plaintiff's statements, failed to comply with SSR 83-20 and inappropriately made medical findings. Dkt. No. 1 at 2. The plaintiff also alleges that the ALJ abused his discretion, that his decision was not supported by substantial evidence and that it contained harmful errors of law. Id. at 3. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal

may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis.* Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge